# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# ST. JOSEPH DIVISION

| | | |
|---|---|---|
| DAMEN WHITE | ) | |
| | ) | |
| Plaintiff, | ) | Case 5:12-6149-CV-DGK |
| | ) | |
| v. | ) | |
| | ) | |
| STEVE COX, et al., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER GRANTING DEFENDANT COX'S MOTION TO DISMISS AND DEFENDANT RASMUSSEN'S MOTION FOR SUMMARY JUDGMENT

This Section 1983 case concerns allegations by Plaintiff Damen White that, during his confinement as an inmate at the Livingston County Jail from August 5, 2011 through August 7, 2011, prison officials refused him medical treatment for a spider bite. Now pending before the Court are Defendant Steve Cox's motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) (Docs. 18, 19) and Defendant Hilary Rasmussen's motion for summary judgment (Docs. 23, 24). After carefully considering these motions, the Court GRANTS both motions.[1]

### Standard

**I.    12(b)(6) Standard**

Federal Rule of Civil Procedure 12(b)(6) allows for dismissal of a lawsuit for failure to state a claim upon which relief can be granted. "A complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 663 (2009) (quoting *Bell Atl. Co. v. Twombly,* 550 U.S. 544, 570 (2007)). The court is not required to accept legal allegations as true. *Iqbal,* 556 U.S. at 679-81.

---

[1] In ruling on these motions, the Court has also considered Docs. 27, 28, 31, and 33.

To state a claim that is plausible on its face, a plaintiff must do more than state "an unadorned, the-defendant-unlawfully-harmed-me accusation" or "a formulaic recitation of the elements of a cause of action." *Id*. Rather, the complaint must set forth "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. If the claim is only conceivable, not plausible, the court must dismiss. *Id*.

## II. Summary Judgment Standard

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). A party who moves for summary judgment bears the burden of showing that there is no genuine issue of material fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986). When considering a motion for summary judgment, a court must evaluate the evidence in the light most favorable to the nonmoving party and the nonmoving party "must be given the benefit of all reasonable inferences." *Mirax Chem. Prods. Corp. v. First Interstate Commercial Corp.*, 950 F.2d 566, 569 (8th Cir. 1991).

To establish a genuine issue of fact sufficient to warrant trial, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Instead, the nonmoving party bears the burden of setting forth specific facts showing there is a genuine issue for trial. *Anderson*, 477 U.S. at 248.

## Discussion

### I. Plaintiff fails to state a claim under § 1983 against Defendant Cox.

Plaintiff brings the present action, pursuant to 42 U.S.C. § 1983, against Defendant Steve Cox, the Sherriff of Livingston County ("Sheriff Cox"), for failure to receive appropriate medical care during his confinement at the Livingston County Jail ('the jail"). To maintain a Section 1983 claim in the context of medical care, a plaintiff "must show that [defendants] were deliberately indifferent to his serious medical needs." *Johnson v. Hamilton*, 452 F.3d 967, 972 (8th Cir. 2006). To maintain a claim against Sheriff Cox in his official capacity, Plaintiff must show that there was "a policy, custom, or official action that inflicted an actionable injury." *Id*.

Plaintiff's complaint does not allege that Sheriff Cox was present in the jail at the time of his spider bite or that he was aware of Plaintiff's medical condition. Therefore, Plaintiff cannot show that Sheriff Cox was deliberately indifferent to his serious medical needs.

Moreover, Plaintiff does not allege that Sheriff Cox established policies or procedures which discourage prison officials from providing jail inmates with appropriate medical care. Rather, Plaintiff's complaint states that "[i]t is believed that through further investigation and discovery it will be demonstrated that Defendant Sheriff Cox has policies or procedures which discourage inmates of the Livingston County Jail [from being] seen by qualified health care providers" (Doc. 1, ¶ 14). Plaintiff's complaint does not provide any facts underlying why he believes these policies exist or what the policies might entail.

In fact, Plaintiff admits in his suggestions in opposition to Sheriff Cox's motion to dismiss that he "is not aware of the specific policies and procedures that Defendant Cox maintains . . . therefore Plaintiff will have to engage in further investigation and discovery to determine exactly what those policies, customs[,] and procedures are that discourage[] detention officers from providing inmates the Livingston County, Missouri jail adequate medical treatment (Doc. 28, pg. 2-3).

Plaintiff's request to uncover evidence through discovery to support his claim is not sufficient to survive Defendant's motion to dismiss. *Iqbal* and *Twombly* make clear that a complaint must do more than provide conclusory statements about what discovery may reveal. Rather, a complaint must state facts to support the elements of the theory of recovery. *Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."); *Twombly*, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level."). Here, the complaint does not contain sufficient factual matter to state a claim to relief. Accordingly, the Court grants Defendant Cox's motion to dismiss without prejudice.

**II.     Plaintiff does not state a claim against Defendant Rasmussen.**

Plaintiff also brought the present action against Defendant Hilary Rasmussen, a nurse with the Livingston County, Missouri Sheriff's Department. Defendant Rasmussen submits an affidavit and time card showing that she did not work and was not otherwise present at the jail at the time of Plaintiff's spider bite. She seeks summary judgment and dismissal from the case. Plaintiff does not oppose this request. Accordingly, the Court grants Defendant Rasmussen's motion for summary judgment.

**Conclusion**

Defendant Cox's motion to dismiss is GRANTED. Defendant Rasmussen's motion for summary judgment is also GRANTED.

**IT IS SO ORDERED.**

Dated: July 10, 2013            ___/s/ Greg Kays_____
                                GREG KAYS,
                                UNITED STATES DISTRICT JUDGE